UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PUREFLEX, INC.,

    Plaintiff,          Case No. 1:05-CV-69

vs.                  Hon. Wendell A. Miles

M & P FLANGE & PIPE
PROTECTION, INC.,

    Defendant.
                /

**ORDER**

This matter is now before the court on defendant's motion to set aside entry of default (docket no. 15). This motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

  **I.**  **Background**

On January 27, 2005 plaintiff filed a complaint alleging four counts: (I) infringement of federal trademark registration no. 0719324; (II) false designation of origin under 15 U.S.C. § 1125(A); (III) federal trademark dilution; and, (IV) common law unfair competition and trademark infringement. Summons was served on February 4, 2005. Defendant's answer was due 20 days later. Fed. Rules Civ. Proc. 12(a)(1)(A). In a letter dated February 22, 2005, plaintiff's attorney agreed to an open-ended extension of time for defendant to file an answer. Plaintiff acknowledges it granted defendant a number of extensions in hopes the matter could be settled. According to defendant, there were at least 15 occasions when there were direct communications between the

1

parties for the purpose of exchanging information pertinent to damages. In a fax dated April 12, 2005, however, plaintiff's attorney requested that defendant file an answer within seven days, following plaintiff's receipt of a notice to show cause issued by the court to default defendant within 30 days if no answer was filed. Plaintiff then agreed by telephone to further extend the time to answer until April 28, 2005. Plaintiff's Brief at 4. Documents were apparently being sent to plaintiff's counsel by defense counsel as late as April 21, 2005. On April 25, 2005, plaintiff extended the deadline an additional day, to Friday, April 29, 2005. Defendant began to draft its answer to the lawsuit on April 27, 2005. Plaintiff applied for entry of default on May 2, 2005. The clerk entered the default on May 3, 2005. Defendant states it mailed its answer from Texas on Thursday, May 5, 2005, and faxed a copy of the answer to plaintiff that same day. The answer was filed on Monday, May 9, 2005.

## II.   Discussion

Fed. Rules Civ. Proc. 55(c) allows the court to set aside the entry of default for "good cause." There are three criteria used to determine whether good cause has been shown: (1) whether the default was willful, (2) whether the set-aside would prejudice plaintiff and (3) whether the alleged defense is meritorious. *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F. 3d 345, 353 (6th Cir. 2003). The Sixth Circuit has found that a district court abuses its discretion in denying a motion to set aside entry of default when two of the three factors have been shown by defendant. *Id.* Although courts in this jurisdiction have had the opportunity to more clearly delineate the meaning of the above three factors in the context of Rule 60(b) motions to set aside default judgments, the same considerations apply in setting aside entries of default under Rule 55(c). As the court stated in *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990), "the same considerations

exist when deciding whether to set aside either an entry of default or a default judgment, but they are to be applied more liberally when reviewing an entry of default."

### A. Culpable conduct

First, the court must determine whether defendant's default was willful. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Service v. William Darrah & Associates*, 796 F.2d 190, 194 (6th Cir. 1986). There is no question that plaintiff's answer was filed more than one week after the agreed-upon date. However, the court does not consider this to be a willful default. Nothing in the record indicates that defendant had an intent to thwart the judicial proceedings or had reckless disregard for the effect of its conduct on the proceedings. Plaintiff evidenced no hurry in prosecuting this action, and defendant's carelessness in failing to meet plaintiff's abrupt deadline does not constitute a willful default. *See Southern Electrical Health Fund v. Bedrock Services*, Nos. 03-6150, 04-5147, 2005 WL 1993296 at *3 (6th Cir. Aug. 16, 2005). Accordingly, the court concludes that plaintiff's default was not willful.

### B. Prejudice

Next, the court must consider whether setting aside the entry of default would prejudice plaintiff. Plaintiff contends that it "will be prejudiced by the delay and expense associated with the setting aside of the [d]efault." Plaintiff's Response at ¶ 7. Plaintiff's brief, however, does not even address the prejudice issue. Plaintiff has not shown, nor has it argued, that setting aside the default will result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion. *See Thompson v. American Home Assurance Co.,* 95 F.3d

429, 433-34 (6th Cir. 1996). "Mere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment." *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983).[1]  The court finds that plaintiff will not be prejudiced by setting aside the default and allowing defendant to defend the suit on the merits.

### C.    Meritorious Defense

Finally, the court must determine whether defendant has alleged a meritorious defense. A meritorious defense is not determined by its likelihood of winning at trial. *INVST Financial Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398-99 (6th Cir. 1987). To meet this requirement, a defendant simply needs to advance a defense that is "good at law," not necessarily one that will likely succeed. *United Coin Meter Co*, 705 F.2d at 845. The main consideration is whether there is a possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default. *INVST*, 815 F.2d at 398-99. In determining whether there is a meritorious defense, the court should construe any ambiguities in favor of the defendant. *See Berthelsen*, 907 F.2d at 621.

Plaintiff filed a four-count complaint alleging: infringement of federal trademark, false designation of origin, federal trademark dilution and common law unfair competition and trademark infringement. In its answer, defendant admits to the unintentional infringement of plaintiff's trademark, but denies plaintiff's other allegations, including plaintiff's claim that it has

---

[1] While *United Coin Meter* involved a motion to set aside a default judgment, the reasoning of that decision applies with equal force to defendant's motion to set aside an entry of default. If anything, the court should apply a lesser standard in this case, because plaintiff did not obtain a judgment, but merely applied to the court clerk for entry of a default. *See Berthelsen*, 907 F.2d at 620.

suffered irreparable harm, that it has no adequate remedy at law, that defendant intended to trade on plaintiff's reputation, that defendant intended to dilute plaintiff's "Task-Line" trademark, that an injunction is necessary, that defendant has garnered significant profits at plaintiff's expense, or that plaintiff's actual damages should be trebled. This is a considered answer which admits infringement but takes issue with other assertions by plaintiff. It is not blanket denial, and if defendant prevails on some or all of these defenses at trial the result would be considerably different than that arising from a default. The court finds that plaintiff has alleged meritorious defenses to plaintiff's claim.

### III.    Conclusion

For the reasons stated by the court, defendant has shown good cause to set aside the entry of default. Accordingly, defendant's motion to set aside the entry of default (docket no. 15) is GRANTED.

**IT IS SO ORDERED.**

Dated: September 13, 2005         /s/ Hugh W. Brenneman, Jr.
                                  Hugh W. Brenneman, Jr.
                                  United States Magistrate Judge